IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sream Incorporated,<br><br>                Plaintiff,<br><br>v.<br><br>Alvin's Smoke Shop, et al.,<br><br>                Defendants. | No. CV-15-02319-PHX-DLR<br><br>**ORDER** |

## **FINAL JUDGMENT AND PERMANENT INJUNCTION**

This Court, having made the following findings of fact and conclusions of law pursuant to the parties' stipulation, (Doc. 20), and good cause appearing,

A.    Plaintiff Sream, Inc. ("Sream" or "Plaintiff") filed suit against Defendant Alvins Smoke Shop LLC a/k/a Alvin's Smoke Shop a/k/a Alven's Smoke Shop ("Alvins"), alleging that Alvins violated Sream's rights under 15 U.S.C. §§ 1114, 1116, 1125(a), (c), and (d), and Cal. Bus & Prof. § 17200 *et seq.* ("Action");

B.    The Parties entered into a settlement agreement as of February 26, 2016 (the "Settlement Agreement"), which requires entry of the stipulated judgment set forth herein;

And good cause appearing therefore, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT**:

1.    That judgment be entered in favor of Sream against Alvins on all claims.

2. For the purposes of binding preclusive effect on Alvins as to future disputes between Alvins and Sream, and only for such purposes, Alvins admits the following:

    a. Mr. Martin Birzle is now, and has been at all times since the dates of issuance, the owner of United States Trademark Registration Nos. 2,235,638; 2,307,176; and 3,675,839 (the "RooR Marks") and of all rights thereto and thereunder.

    b. The RooR Marks are valid and enforceable.

    c. Since at least 2013, Plaintiff Sream has been the exclusive licensee of the RooR Marks in the United States. Mr. Birzle has been granted all enforcement rights to Sream to sue for obtain injunctive and monetary relief for past and future infringement of the RooR Marks.

    d. Alvins, by the actions described in the complaint, has infringed upon the RooR Marks.

3. Alvins, and those acting on Alvins' behalf (including its owners, shareholders, principals, officers, agents, servants, employees, independent contractors, and partners), are permanently enjoined from producing, manufacturing, distributing, selling, offer for sale, advertising, promoting, licensing, or marketing (a) any product bearing the RooR Marks or (b) any design, mark, or feature that is confusingly similar to the RooR Marks (collectively, the "**Injunction**").

4. Alvins is bound by the Injunction regardless of whether Mr. Martin Birzle assigns or licenses its intellectual property rights to another for so long as such trademark rights are subsisting, valid, and enforceable. The Injunction inures to the benefit of Mr. Martin Birzle's successors, assignees, and licensees.

5. This Court (or if this Court is unavailable, any other court of competent jurisdiction) shall retain jurisdiction over all disputes between and among the Parties arising out of the Settlement Agreement and Injunction, the Stipulation

1  which includes the Injunction, and this final judgment, including but not limited to
2  interpretation and enforcement of the terms of the Settlement Agreement.
3  6. The Parties waive any rights to appeal this stipulated judgment, including
4  without limitation the Injunction.
5  The Clerk of the Court is directed to close this case.
6  Dated this 14th day of March, 2016.

_____
Douglas L. Rayes
United States District Judge